# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 668 | DATE | 10/27/03 |
| CASE TITLE | Fidelity v. TCF National Bank | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion To Compel (doc. #)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] . Enter memorandum opinion and order. For the attached reasons, TCF's motion to compel is GRANTED in part and DENIED in part.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 28 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 83 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, a New York corporation, | ) ) ) ) | **DOCKETED** |
|---|---|---|
| Plaintiff, | ) ) | OCT 2 8 2003 |
| | ) | No. 02 C 668 |
| v. | ) ) | The Honorable William J. Hibbler |
| TCF NAT'L BANK ILL., | ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OPINION AND ORDER

This discovery squabble concerns the completeness of Fidelity National Title Insurance Co.'s responses to a number of Defendant TCF National Bank's interrogatories.

Interrogatories 2 and 3: TCF argues that Fidelity's responses to these two interrogatories are largely incomplete, asserting that Fidelity has failed to respond to virtually every query contained within the interrogatories. Fidelity answers that it "provided all the information it currently possesses related to the[] CDs [at issue in the interrogatories] and directed TCF to the appropriate documents . . . pursuant to 33(d)." TCF speculates that Fidelity must be holding something back, engaging in mental gymnastics in constructing a logical argument based on Rule 11. But Fidelity's response is clear: it has provided all of the information it possesses. This does not mean TCF is left totally without remedy. Fed. R. Civ. P. 26(e)(2) requires parties to supplement their responses to interrogatories if it learns its response is incomplete. Rule 37 (c)(1) provides that if a party fails to amend its response to discovery as required by Rule 26(e)(2) that it shall not be permitted to use such evidence at trial or on a motion if that evidence was not

1

disclosed. Should TCF believe that Fidelity attempts to raise evidence that was responsive to interrogatory 2 or 3 that it failed to disclose, it may file a motion pursuant to Rule 37(c)(1) to bar that evidence. TCF's motion to compel Fidelity to supplement its responses to interrogatories 2 and 3 is DENIED.

Interrogatory 5: Interrogatory 5 asks Fidelity to set forth facts that indicate why Fidelity believes that the use of CDs purchased from TCF Bank's predecessor "was either wrongful, inappropriate, or subject to being set aside for any reason whatsoever." Fidelity has answered that question, but TCF believes it is incomplete because Fidelity has failed to provide facts that indicate that its claim is not subject to any of the affirmative defenses raised by TCF. But the interrogatory did not, as TCF claims, "squarely direct[] Fidelity to disclose all relevant information bearing upon their UFTA claim to set aside the three CDs purchased" from TCF's predecessor. In other words, TCF's question does not ask Fidelity why it believes that TCF is liable it asks why it believes the transfers were wrongful. Fidelity has done so, and TCF cannot rewrite its interrogatory after the fact. TCF's motion to compel Fidelity to supplement its response to interrogatory 5 is DENIED.

Interrogatories 6, 7, 11, and 12: TCF complains that Fidelity has refused to answer the interrogatories completely and that Fidelity's argument that the interrogatory is overbroad is without merit. See Def. Reply in Support of Mot. to Compel at 9. But TCF ignores the fact that Fidelity did answer those questions by directing it to Fidelity's submissions in the companion case, *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, Case No 00 C5568. TCF fails to demonstrate that Fidelity's response is insufficient and therefore its motion to compel Fidelity to respond to interrogatories 6, 7, 11 & 12 is DENIED.

Interrogatory 17: TCF speculates that Fidelity must have provided an "incomplete, inconsistent, and probably false" response to interrogatory 17 because of an apparent discrepancy it perceives in Fidelity's answer. See Def. Mem. in Support of Mot. to Compel at 13. TCF all but accuses Fidelity of lying. TCF's rhetoric is tiresome. It plainly misreads Fidelity's response and then trumpets its gross mischaracterization of the response as evidence that Fidelity must be lying. Fidelity pointed this out in their response to TCF's motion, and TCF failed to respond. TCF's mischaracterization of Fidelity's responses and inflammatory rhetoric only serve to undermine its claims that Fidelity is hiding something. TCF's motion to compel Fidelity to supplement its response to interrogatory 17 is DENIED.

Interrogatories 13 & 14: In its memorandum in support of its motion, TCF writes only that "the responsiveness of Fidelity to requests for such information remains disputed," without detailing this dispute. See Def. Mem. in Support of Mot. to Compel at 13. Later in its reply, TCF sets forth its objections. But TCF cannot raise new arguments in its reply brief. It must afford Fidelity the opportunity to respond to its arguments. TCF's motion to compel Fidelity to supplement its responses to interrogatories 13 & 14 is DENIED.

Interrogatory 20: Interrogatory 20(d) asks Fidelity to state why a payment to Susan Peloza cannot be considered as executive compensation and 20(e) asks for documents that relate to the answers. Fidelity states that "since the $250,000 CD was listed as an escrow account asset on Old Intercounty's bank reconciliation, this leads to the conclusion that the CD was funded with escrow funds." TCF argues that this response is insufficient and states that Fidelity must provide additional information, such as documentation tracing the trail of funds back to the escrow fund, the source of CD purchase funds, and facts that it could not have compensated executive

3

compensation. The Court disagrees. Fidelity is not required to prove its case in discovery. It answered TCF's interrogatory and pointed to documents that supported its answer. TCF's motion to compel Fidelity to supplement its response to interrogatory 20 is DENIED.

Interrogatory 9: Interrogatory 9 asks Fidelity to produce information related to its claim that the "fraudulent transfers to the Bank were but one piece of a vast fraudulent scheme." TCF objects that Fidelity's answer failed to respond with facts that "agents of TCF Bank engaged in any misconduct that constituted either collaboration with or contribution to the actual intent to defraud on the part of Intercounty" and that "[i]nterrogatory 9 specifically inquires about such facts." But that is not at all what interrogatory 9 asks for. Interrogatory 9 does not ask Fidelity to demonstrate that TCF agents were part of Intercounty's fraudulent scheme. Again, TCF's gross mischaracterization of the interrogatory undermines its credibility. The Court finds that Fidelity's response to interrogatory 9 was sufficient and the motion to compel is DENIED.

Interrogatories 16, 18, and 19: TCF asserts that the answers to these interrogatories are incomplete, but fails to specify why. TCF may be arguing (though it certainly is not clear from their brief) that Fidelity's answers to interrogatories 16, 18, and 19 lack specific dates. But Fidelity's answer to interrogatory 19 contains but one dated reference, where a specific date is presented. Interrogatory 18 does not appear to contain any instance where a specific date is required. TCF's motion to compel Fidelity to supplement its answers to interrogatories 16, 18, and 19 is DENIED.

Interrogatory 15: Lastly, TCF argues that Fidelity's answer to interrogatory 15 is incomplete because it does not contain information related to a Banco Popular CD. Fidelity argues that this CD was purchased by New Intercounty and not Old Intercounty. The

4

interrogatory asks how Fidelity became aware that Old Intercounty purchased CD's from TCF Bank's predecessor. If, as Fidelity alleges, Old Intercounty and New Intercounty are alter egos of each other engaged in a vast fraudulent scheme, then a purchase of a CD by New Intercounty may have alerted Fidelity that Old Intercounty might have also purchased some CDs. Fidelity is directed to answer whether New Intercounty's purchase of a Banco Popular CD alerted it as to whether Old Intercounty purchased CDs from TCF Bank's predecessor. Fidelity shall supplement its response to interrogatory 15 by November 3, 2003.

IT IS SO ORDERED.

10/27/03
Dated

The Honorable William J. Hibbler
United States District Court

5